# IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

ALFRED R. BURKE, JR.,           )
                                )
                Petitioner,     )
vs.                             )          Case No. CIV-11-381-HE
                                )
JAMES RUDEK, Warden,            )
                                )
                Respondent.     )

## ORDER

Petitioner Alfred Burke, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach. Judge Bacharach recommended the petition be denied. Report and Recommendation [Doc. #15]. Objections to the Report and Recommendation were due by December 27, 2011. Petitioner has filed an objection [Doc. #16]. After conducting a *de novo* review of the portions of the Report and Recommendation to which objection has been made, *see* 28 U.S.C. § 636(b)(1), the court concludes the petition should be denied for substantially the same reasons as stated in the Report and Recommendation, except as stated in this order.

## I.  Background

Petitioner was convicted of kidnaping and oral sodomy by a jury in state court on November 6, 2008.[1] The jury fixed punishment at 273 years for each count, and the trial judge sentenced defendant to serve both terms concurrently. On direct appeal, the Oklahoma

---

[1]*Petitioner was also charged with rape in the first degree, but the jury returned a verdict of not guilty as to that count.*

Court of Criminal Appeals ("OCCA") affirmed the conviction but modified petitioner's sentence to a life sentence. Petitioner then applied for state post-conviction relief. His application was denied, and the OCCA affirmed the denial.

Petitioner filed the present habeas petition alleging the following six grounds for relief: 1) 12 Okla. Stat. § 2413 is unconstitutional under the due process clauses of the state and federal constitutions, 2) admitting evidence that defendant had the propensity to engage in sexual assault was more prejudicial than probative and violated Horn v. Oklahoma, 204 P.3d 777 (Okla. Crim. App. 2009); 3) the 273 year sentence is excessive, 4) the sentence violated the Oklahoma constitution because the jury used an averaging method to arrive at the term of years; 5) admitting evidence of "other crimes" warranted a new trial; and 6) cumulative error warranted a new trial.[2] Habeas Petition [Doc. #1].

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the requirements for granting a writ of habeas corpus. House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008). 28 U.S.C. § 2254 governs the writ as it applies to state prisoners attacking the validity of their conviction or sentence. Only claims alleging a violation of federal law are cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a). The standard of review for a claim is dependent upon the treatment the state court gave to that claim. *See* Hain v.

---

[2]*In his objection the Report and Recommendation, petitioner argues his petition should not be denied because Judge Bacharach did not discuss his ineffective assistance of counsel claims. While petitioner raised claims of ineffective assistance of trial and appellate counsel in his state post-conviction proceedings, see Post Conviction Application [Doc. #12-5], his habeas petition does not assert a claim for ineffective assistance of counsel. See Doc. #1.*

Gibson, 287 F.3d 1224, 1229 (10th Cir. 2002). If the state court did not adjudicate the claim on its merits, and the claim is not otherwise procedurally barred, then the federal court exercises its "independent judgment" to decide the claim. *Id.* If, however, the state court adjudicated the claim on its merits, then the claim falls within § 2254(d) and the federal court's role is limited.[3] *See id.*

If the state court determined the claim on its merits, the petitioner is entitled to habeas relief only if he establishes the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Federal law is "clearly established" only if it is contained in a holding of the Supreme Court. Thaler v. Haynes, 130 S.Ct. 1171, 1173 (2010). "Under § 2254(d)(1), a habeas petitioner may obtain relief (1) if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts; or (2) if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1173-74 (quotations omitted). This standard requires more than a determination that the state court committed clear error; the state court's application of federal law must have been objectively unreasonable. *See* House, 527 F.3d at 1019.

--------

[3] *Claims of legal error are governed by subsection (d)(1) while claims of factual error are governed by subsection (d)(2). House, 527 F.3d at 1015. Petitioner claims only legal errors.*

**1 & 2.  Propensity Evidence**

The state court allowed testimony at trial about an incident where the petitioner allegedly sexually assaulted another victim in 1999. Oklahoma's Evidence Code, like the Federal Rules of Evidence, makes evidence that a criminal defendant previously committed a sexual assault admissible for any relevant reason, including as propensity evidence. *See* 12 Okla. Stat. § 2413(a). Section 2413 is nearly identical to Fed. R. Evid. 413. Defendant presents a facial challenge to this rule under the due process clauses of the Oklahoma and federal constitutions. Additionally, he contends the trial court should have excluded the evidence as more prejudicial than probative. The magistrate judge considered the second claim to be an as-applied challenge under the due process clause of the Fourteenth Amendment. He concluded that both issues had been raised by petitioner in his direct appeal, but that OCCA failed to reach a determination of the as-applied claim on the merits. He therefore recommended the court exercise its independent judgment as to both challenges and conclude that the admission of the testimony concerning the 1999 assault did not violate the Fourteenth Amendment.

The court views petitioner's claims here differently. The claims asserted in this habeas proceeding are identical to those asserted on direct appeal and with which the OCCA grappled. That court specifically addressed petitioner's challenge to the constitutionality of 12 Okla. Stat. § 2413. Further, in evaluating the impact of the admission of the testimony, the court concluded "it was unlikely that the propensity evidence contributed to an improperly-based jury verdict." Summary Opinion at 2 [Doc. #12-4]. The result is that,

4

whether viewed as an "as applied" constitutional challenge to the statute or as a harmless error analysis as to an evidentiary violation,[4] the OCCA addressed the issue.  Therefore, the appropriate standard of review is the deferential, rather than the independent or *de novo*, standard.  While this court might have resolved the issue differently from the OCCA had it been dealing with an appeal in the first instance, the court is constrained to inquire only whether the OCCA's determination was objectively unreasonable.  Petitioner has not identified any Supreme Court holding this decision contravenes or is unreasonable in light of, and the failure to identify clearly established federal law is dispositive.  House, 527 F.3d at 1017.

### 3.  Excessive Sentence

Petitioner claims his 273 year sentence is excessive.  However, petitioner is no longer serving a 273 year sentence.  As discussed above, the OCCA agreed the sentence was excessive and the result of improperly admitted propensity evidence and, accordingly, reduced the sentence to a life sentence.  The claim is therefore moot.  Even if it was not, the petitioner has not identified any Supreme Court decision holding that a sentence of life imprisonment is excessive to punish a person convicted of sexual assault of the sort involved here.

### 4.  Jury Deliberation

Petitioner's claim that the jury's methodology in computing his 273 year sentence

---

[4]*And in the circumstances existing here, those questions appear to be reverse sides of the same coin.*

violated the Oklahoma state constitution is not cognizable on federal habeas review. Federal habeas relief is only available for violations of federal law. *See* 28 U.S.C. § 2254(a).

## 5. "Other crimes" testimony

Petitioner claims the admittance of two statements which indicated he had committed prior criminal conduct should have resulted in a mistrial. First, petitioner complains of a statement made by an expert witness that she had matched petitioner's DNA to DNA in the "OSBI database." He argues mention of the OSBI database improperly alerted the jury that he had a criminal record. Second, he contends testimony of a witness that petitioner called her a "crack whore" and was smoking a crack pipe was unfairly prejudicial. The OCCA determined the trial court did not abuse its discretion in admitting this evidence. Summary Opinion at 3-4 [Doc. #12-5]. Again, the petitioner has not identified any Supreme Court holding this decision contravenes or is unreasonable in light of, and his trial was not "fundamentally unfair" because this testimony was admitted.

## 6. Cumulative Error and Conclusion

Even viewing all of petitioner's complaints in the aggregate, the record does not support the conclusion that petitioner's conviction and sentencing were fundamentally unfair. The court therefore **ADOPTS** the Report and Recommendation [Doc. #15] except as explained above. The petition for writ of habeas [Doc. #1] is accordingly **DENIED**. Additionally, the court denies petitioner a certificate of appealability because he has not "made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Case, Rule 11(a). A separate judgment will be entered

contemporaneously with this order.  Fed. R. Civ. P. 58(a).

**IT IS SO ORDERED**.

Dated this 31st day of January, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE